**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **KEVIN DAVIS,** | § | |
| **individually and on behalf of** | § | |
| **all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO: 2:09cv309** |
| **v.** | § | |
| | § | |
| **TERMINIX COMPANY, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS'**
**MOTION FOR STAY AND TO COMPEL ARBITRATION**

The Plaintiff, Kevin Davis, individually and on behalf of all others similarly situated, by

counsel ("Plaintiffs"), for his brief in Reply to Defendant's Brief in Opposition to Plaintiffs'

Motion for Stay and To Compel Arbitration states the following:

**Argument**

Defendant argues that Plaintiffs' Motion to Stay and to Compel Arbitration should fail

because Plaintiffs have waived their right to an alternative forum and should be barred from

arbitrating their claims. Defendant further argues that, should the court grant Plaintiffs' motion,

the court would be prohibited from ordering consolidated arbitration of these matters, resulting in

a need to decertify the class and, presumably, hold separate arbitration proceedings for each of

the thirty-three (33) members[1] of the class.

Defendant's arguments that Plaintiffs have waived their right to arbitrate this matter or, if

---

[1] Two opt-in plaintiffs (Robert Casper and Travis Housley) have requested to be removed from the lawsuit. As a result, Plaintiffs anticipate that should their motion be denied, Notices of Voluntary Dismissal will be filed as to Robert Casper and Travis Housley, bringing the total number of plaintiffs to 31.

not, that separate arbitration proceedings for each case must be held should be rejected for the reasons set forth below.

1.    **Waiver**

Defendant argues that Plaintiffs have defaulted on, or waived, their right to arbitration because they knew of their right to arbitrate, acted inconsistently with that right and prejudiced the Defendant as a result.  Furthermore, Defendant cites cases from other jurisdictions in support of its argument, stating, incorrectly, that the Fourth Circuit has not specifically addressed the question of waiver.

Defendant attempts to argue that the Plaintiffs were aware of the existence of the arbitration clause in their employment contracts when they signed the contracts at the time they were hired; however deposition testimony revealed that although Plaintiffs recall signing the employment contracts, they were unaware that they had signed an arbitration agreement when they signed the employment contract:

    Q.    Mr. Davis, were you aware prior to today that you signed a document
    containing an arbitration agreement at any point?

    A.    No.  I wasn't aware of that.

Davis Dep. at 62, lines 2-5.

    Q.    Mr. McKenzie, are you aware that you signed any arbitration agreement to
    arbitrate any disputes you may have with Terminix?

    A.    No.

McKenzie Dep. at 73 line 23 to 74 line 1.

McKenzie further testified that he believed the employment contract contained information regarding his responsibilities as a pest technician.  (McKenzie Dep. at 60, lines 3-6.)

In fact, upon attempting to review the employment contract at the request of defense counsel, McKenzie testified, "The print is so small you can't really make out what it is."  (McKenzie Dep. at 61, lines 5-6.)  The Plaintiffs' employment contracts, all virtually identical to the one attached here as Exhibit A, contain an arbitration clause in paragraph seven (7) in the second column of a dense document with tiny print.  Furthermore, each Plaintiff signed numerous documents at the same time they signed the employment contract, including the employment contract, a substance abuse policy, a driver notification form, DMV report request, W4, vehicle responsibility form, well procedure form and service technician plan (Exhibit B attached).

Though required by Rule 26 of the Federal Rules of Civil Procedure and the court's pre-trial scheduling order to make initial disclosures on or before February 6, 2010, Defendant failed to provide any documents whatsoever to Plaintiffs (other than a list of similarly-situated employees) until June 16, 2010, and still has not produced documents in response to Plaintiff's Requests for Production of Documents which was incorporated with Plaintiffs' Notice to Take Depositions.  Plaintiffs first became aware of the existence of the arbitration agreement in the employment contracts on June 16, 2010, and filed their Motion to Stay and to Compel Arbitration nine days later, on June 25, 2010.  Had Defendant provided Plaintiffs with its initial disclosures in a timely manner, Plaintiffs would have been aware of the existence of the arbitration agreement four months earlier, or shortly after filing their Complaint.  Defendant, if anything, has prejudiced itself.

Defendant argues that the Plaintiffs have failed to abide by the employment contract's language outlining the procedures for initiating the arbitration process.  Defendant does not appear to dispute that Plaintiffs mailed to Defendant a written demand for arbitration by certified mail but attempts to argue that the clause also requires Plaintiffs to mail the demand prior to

filing any motion to enforce arbitration, a requirement that is not present in the clause.

Defendant also argues that Plaintiffs acted inconsistently with their right to arbitrate and, as a result, prejudiced Defendant.  In this case, the Plaintiffs acted immediately upon discovering their right to arbitrate.  In *Patten Grading and Paving, Inc. v. Skanska USA Bldg., Inc., et al.*, 380 F.3d 200 (4th Cir. 2004), the Fourth Circuit overturned a South Carolina district court's ruling that Skanska USA Building, Inc. ("Skanska") had waived its right to arbitrate because the action had been proceeding for eight months and Skanska participated in litigation.  The Fourth Circuit found that Skanska, the party seeking enforcement of the arbitration clause, had not waived its right to enforce arbitration because only four months had passed from the time Skanska discovered the existence of the clause[2], less than three months remained prior to the scheduled trial date, the parties had engaged in court-ordered mediation and discovery, and the party opposing arbitration had expended over $5,000.00 to defend the case to that point.  *See also Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974 (4th Cir. 1985) (finding no waiver when moving party filed both an answer and a third-party complaint, noticed and participated in depositions and propounded interrogatories and requests for production of documents).  In this case, only nine days passed after discovery of the arbitration clause prior to Plaintiffs filing their motion, four months remained prior to the schedule trial date and depositions had not yet occurred.  To date the parties have engaged in only limited discovery and no mediation process.  Furthermore, waiver occurs when the party seeking to enforce arbitration "so substantially utilized the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Maxum Founds., Inc.* at 981.  Plaintiffs have not "substantially utilized the litigation machinery." *Id.*  Other than filing their Complaint, the vast majority of the pleadings

---

[2] In fact, in a footnote, the court stated "Even if we were to credit Patten's argument that the delay was of eight months duration, we are not persuaded a delay of such length would suffice to establish prejudice." *Patten*, 380 F.3d at 206 n.5.

filed by Plaintiffs to date have been filed to protect their rights by responding to pleadings filed by Defendant or while attempting to meet court-ordered deadlines.

In *Patten*, the Fourth Circuit noted, "we have consistently held that because of the strong federal policy favoring arbitration 'we will not lightly infer the circumstances constituting waiver.' *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 95 (4th Cir. 1996).*" *Patten*, 380 F.3d at 204. The same Court, in *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 251 (4th Cir. 2001), wrote "The party opposing arbitration 'bears the heavy burden of proving waiver.'" (quoting *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996)).

Most significant in the evaluation of waiver is the question of whether the non-moving party has been prejudiced by the motion to arbitrate. In this case it is clear that Defendant has <u>not</u> been prejudiced by Plaintiffs' Motion. Though the Fourth Circuit repeatedly has ruled that parties opposing arbitration must show actual prejudice, ("'The dispositive question is whether the party objecting to arbitration has suffered *actual prejudice.*'" *MicroStrategy, 268 F.3d at 249* (quoting *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 817 F.2d 250, 252 (4th Cir. 1987)). Defendant devotes one paragraph in its brief to the prejudice it claims, asserting merely that it has "taken depositions, retained and disclosed an expert witness and engaged in other discovery that it would not have taken in arbitration." (Defendant's Memo. in Opp. at 4). Defendant has made no argument that it has suffered actual prejudice in engaging in discovery or by hiring an expert witness and clearly has not met its heavy burden. In fact, Defendant likely has benefited from the discovery process, a process which would not have been undertaken had the Plaintiffs been provided Rule 26(a) disclosures by the time they were due four months ago.

2. **<u>Bifurcation</u>**

Defendant further argues that should the Court find that the arbitration clause is enforceable, the court is precluded from ordering consolidated arbitration because the arbitration clause "does not expressly mention anything about consolidation…." (Defendant's Memo. in Opp. at 5).  However, the arbitration clause in question is <u>not</u> silent on the question of consolidation.

The arbitration clause in Plaintiffs' employment contract states that "[e]xcept to the extent otherwise provided herein, said arbitration shall be governed by the provisions of the Uniform Arbitration Act of the State of North Carolina as said Act may be amended or replaced from time to time." (Employment Contract at ¶ 7).  The Revised Uniform Arbitration Act states that a "court may order consolidation of separate arbitration proceedings as to all or some of the claims" after evaluating whether:

    (1)    There are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration with a third person;

    (2)    The claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions;

    (3)    The existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and

    (4)    Prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation.

N. C. Gen. Stat. § 1-569.10(a) (2003).

If the Plaintiffs' motion is granted, the Court should evaluate whether to consolidate the arbitration proceedings and should conclude, based on the criteria stated above, that the claims of all Plaintiffs should be consolidated for arbitration.

**3.**    <u>**Closing**</u>

As the Supreme Court of the United States stated in affirming a case from the Fourth Circuit, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. 460 U.S. 1* (1983), "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself *or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25*.  See also *Maxum Founds., Inc.*, 779 F.2d at 981 ("...the circumstances giving rise to a statutory default are limited and, in light of the federal policy favoring arbitration, are not to be lightly inferred.").  For the reasons set forth above, Plaintiffs' Motion to Stay and to Compel Arbitration should be granted.

**KEVIN DAVIS, individually and on behalf of all others similarly situated**


By:  _____/s/_____
     Of Counsel

Joanna L. Suyes (VSB #74226)
J. Allen Schreiber (VSB # 79397)
Marks & Harrison, P. C.
1500 Forest Ave., Suite 100
Richmond, VA  23255-2020
804-282-0999 telephone
804-288-1330 facsimile
jsuyes@marksandharrison.com
aschrieber@marksandharrison.com
*Counsel for Plaintiffs*

Peter Mark Petro
Schreiber & Petro, P.C.
ASB 7341-E38P
Two Metroplex Drive, Suite 107
Birmingham, AL 35209
205-879-6960 – Telephone
ppetro@sppclaw.com
*Admitted Pro Hac Vice*

## Certificate

I hereby certify that on this 9th day of June, 2010, the foregoing Reply to Defendant's Brief in Opposition to Plaintiffs' Motion to Stay and to Compel Arbitration was filed by EC/CMF and electronic notification was made to

Todd Gaynor, Esquire
Taylor & Walker, P.C.
555 E. Main Street, Suite 1300
Norfolk, VA 23510
Telephone: 757-625-7300
Facsimile: 757-625-1504
Email: tgaynor@taylorwalkerlaw.com.

_____/s/_____
Joanna L. Suyes (VSB #74226)
J. Allen Schreiber (VSB # 79397)
Marks & Harrison, P. C.
1500 Forest Ave., Suite 100
Richmond, VA  23255-2020
804-282-0999 telephone
804-288-1330 facsimile
jsuyes@marksandharrison.com
aschrieber@marksandharrison.com
*Counsel for Plaintiffs*

Peter Mark Petro
Schreiber & Petro, P.C.
ASB 7341-E38P
Two Metroplex Drive, Suite 107
Birmingham, AL 35209
205-879-6960 – Telephone
ppetro@sppclaw.com
*Admitted Pro Hac Vice*
