UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN DAVIS,
<u>individually and on behalf
of all others similarly situated</u>, et al.,

        Plaintiffs,

v.                                             2:09CV309

TERMINIX COMPANY, INC.,

        Defendant.

## <u>ORDER</u>

This is an action asserting a claim under the Fair Labor Standards Act of 1938 ("FSLA"), 29 U.S.C. §§ 201 to 219, for unpaid overtime wages. Plaintiffs, represented by lead plaintiff Kevin Davis ("Davis" or "plaintiffs"), filed a Motion for Stay of Proceedings and to Compel Arbitration on June 25, 2010. (Doc. #'s 34-35). Defendant Terminix Company, Inc. ("Terminix" or "the Company") responded on July 6, 2010. (Doc. #38). Plaintiffs replied on July 9, 2010 (Doc. #39), and the motion is now ripe for judicial review.

Plaintiffs ask the Court to stay the proceedings and order Terminix to submit to arbitration. In support of the motion, plaintiffs submitted as an exhibit a copy of the employment agreement signed by Davis, which contains an arbitration clause. (Doc. #35, Ex. A). Plaintiffs state that the exhibit is representative of the employment agreements executed by all of the plaintiffs.[1] Terminix opposes the motion, contending that plaintiffs have waived their right to arbitration. The Company further contends that, even if the Court finds that plaintiffs have not waived arbitration, the Court is

---

[1] Thus far, thirty-two individuals have joined Davis as plaintiffs by filing written consents as required by 29 U.S.C. § 216(b). (Doc. #'s 4, 27, 28). All plaintiffs are represented by Davis' counsel.

prohibited from ordering consolidated arbitration of the claims asserted in the Amended Complaint.

"Under the Federal Arbitration Act [("FAA"), 9 U.S.C. §§ 1-16], a party may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." Maxum Founds., Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985); see 9 U.S.C. § 3. The FAA declares that an arbitration clause "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This declaration has been interpreted as a federal policy favoring arbitration. Maxum, 779 F.2d at 981; Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc., 380 F.3d 200, 204 (4th Cir. 2004).

Because arbitration is favored under the FAA, "the circumstances giving rise to a statutory default are limited and . . . are not to be lightly inferred." Maxum, 779 F.2d at 981; see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). Therefore, the party opposing arbitration bears the "heavy burden" of proving waiver. Microstrategy, Inc. v. Lauricia, 268 F.3d 244, 249-50 (4th Cir. 2001).

Terminix does not dispute the existence of the arbitration clauses in plaintiffs' employment agreements or contend that plaintiffs' claims under the FLSA are not subject to arbitration. Instead, citing a case from the Eighth Circuit Court of Appeals, it contends that plaintiffs have waived their right to arbitrate because they knew of an existing right to arbitrate, acted inconsistently with that right, and prejudiced defendant. See Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007).

In the Fourth Circuit, however, a party waives its right to arbitration if it "so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." Maxum, 779 F.2d at 981. "But even in cases where the party seeking arbitration has invoked the 'litigation machinery' to some degree, '[t]he dispositive question is whether the party objecting to arbitration has suffered actual prejudice.'" Microstrategy, 268 F.3d at 249 (quoting Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250, 252 (4th Cir. 1997)) (emphasis in original). Accordingly, delay in seeking arbitration, or engaging in litigation activities—without more—are insufficient to establish waiver. Instead, they are both material factors a court must consider when evaluating a claim of prejudice. Id.

Terminix argues there was a delay of nearly twelve months between initiating this action and seeking arbitration. Plaintiffs contend that the delay was much shorter—only nine days. According to plaintiffs, they first became aware of the existence of the arbitration clauses on June 16, 2010, when defendant produced its late initial disclosures.[2] The parties disagree on the length and cause of any delay. Terminix claims that plaintiffs should have been aware of the contents of the agreements they executed and their knowledge of the arbitration clause is imputed as a matter of law. Plaintiffs point out that the contracts were signed along with several other employment-related documents, including IRS forms and similar routine paperwork, and that the originals were retained by Terminix. The Court need not rely exclusively on the timing of plaintiffs' knowledge of their employment agreements (constructive or otherwise). Even if the Court were to impute knowledge of the arbitration clauses to plaintiffs, and the consequent delay that knowledge suggests, Terminix has failed to identify any prejudice it has suffered as a result of the delay. Maxum, 779 F.2d at 982

---

[2] The Rule 26(f) Pretrial Order specifies that initial disclosures were due on or before February 9, 2010. (Doc. #15).

3

("[M]ere delay, without more, will not suffice to constitute waiver.").

Terminix also argues that plaintiffs waived their right to arbitration by virtue of their litigation activities. Specifically, defendant cites to the fact that Davis has filed twenty-two pleadings, participated in hearings and conferences with defense counsel and the Court, and participated in discovery. The Company contends that it will be "severely" prejudiced if the Court permits arbitration. According to Terminix, due to plaintiffs' litigation activity, defendant has engaged in a "substantial motion practice" and discovery that would not have been necessary in arbitration.

The Court has reviewed the docket sheet in this action, along with the pleadings filed by plaintiffs, and finds that the pretrial filings are not extensive either in volume or scope. Plaintiffs filed a Complaint, an Amended Complaint, and three motions addressing the certification of the class—a Motion for Joinder, a Motion to Certify Class, and a Motion to Continue. Notably, Terminix did not oppose any of the motions filed by plaintiffs. The one opposed motion resolved by the Court up until this point was defendant's Motion to Strike the Amended Complaint; however, the Court declines to include plaintiffs' response to Terminix's motion in assessing its litigation activity. See Patten, 380 F.3d at 206 ("We are unwilling to include activity that the moving party did not initiate in assessing that party's default."). In short, the Court finds no prejudice to defendant arising from plaintiffs' litigation activity.

The Court is similarly unpersuaded by Terminix's claim that it would suffer prejudice because of the discovery it has conducted. According to defendant, it "has taken depositions, retained and disclosed an expert witness and engaged in other discovery that it would not have taken in arbitration." (Doc. #38 at 4). Plaintiffs state that discovery has been somewhat marginal to this

point in that defendant has missed discovery deadlines and has provided documents responsive to plaintiffs' Requests for Production. It appears from both parties' representations, that the discovery conducted thus far has been minimal. Terminix's opposition is limited to a conclusory statement that it will suffer prejudice but it has provided no specific allegations as to that prejudice. Further, Terminix has not demonstrated that plaintiffs availed themselves of discovery procedures unavailable in arbitration, or have gained a strategic benefit from the discovery conducted in this action. Id. at 207. Accordingly, for the reasons stated above, plaintiffs' Motion for Stay of Proceedings and to Compel Arbitration is GRANTED.

Remaining is the issue of whether the Court may order consolidated arbitration. Under the terms of the employment agreement submitted as an exhibit, arbitration is governed by the provisions of the Uniform Arbitration Act of the State of North Carolina, N.C. Gen. Stat. §§ 1.569.1 to .31. (Doc. #34, Ex. A at § 7). This North Carolina statute specifically provides for the consolidation of separate arbitration proceedings, as follows:

> (a) Except as otherwise provided in subsection (c) of this section, upon motion of a party to an agreement to arbitrate or to an arbitration proceeding, the court may order consolidation of separate arbitration proceedings as to all or some of the claims if:
>
> (1) There are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration with a third person;
>
> (2) The claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions;

5

  (3) The existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and

  (4) Prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation.

N.C. Gen. Stat. § 1-569.10(a).

Under the Revised Uniform Arbitration Act, therefore, the Court may order consolidation if it makes the findings as set forth in § 1-569.10(a). Unless the parties are able to agree on the terms of consolidation, the Court will conduct a hearing to receive evidence on whether consolidated arbitration proceedings would be proper in this action. Accordingly, within ten (10) days of the date of this Order, the parties are ORDERED to do one of the following two things: (1) submit a stipulation of the parties as to the terms of any agreed consolidation of the arbitration proceedings; or (2) contact the Magistrate Judges' Courtroom Deputies at (757) 222-7222 to schedule an evidentiary hearing regarding the merits of consolidation under N.C. Gen. Stat. § 1-569.10(a).

The Clerk is DIRECTED to provide a copy of this Order to all counsel of record.

          /s/
         Douglas E. Miller
         United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 15, 2010